IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**JEFFREY GLENN TOOHEY,**

    Petitioner,

v.                                                    Civil Action No. 3:17CV442

**ERIC WILSON,**

    Respondent.

## MEMORANDUM OPINION

Jeffrey Glenn Toohey, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History and Summary of Toohey's Claim

In the United States District Court for the Eastern District of North Carolina ("Sentencing Court"), Toohey pled guilty to one count of aiding and abetting identity theft, one count of aiding and abetting access device fraud, two counts of aggravated identity theft, one count of bank fraud, and one count of conspiracy to present false claims. *See United States v. Toohey*, 514 F. App'x 334, 335 (4th Cir. 2013). The Sentencing Court sentenced Toohey to 125 months of

---

[1] The statute provides, in pertinent part:

  (c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

imprisonment. *See id.* On March 15, 2013, the United States Court of Appeals for the Fourth Circuit dismissed Toohey's appeal of his sentence. *Id.* On April 15, 2013, the Supreme Court of the United States denied Toohey's petition for a writ of certiorari. *Toohey v. United States*, 569 U.S. 941 (2013).

In January 2015, Toohey filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion") with the Sentencing Court. *See Toohey v. United States*, Nos. 4:12–CR–46–BR, 4:15–CV–3–BR, 2015 WL 12697876, at *1 (E.D.N.C. June 12, 2015). On June 12, 2015, the Sentencing Court dismissed Toohey's § 2255 Motion as untimely. *Id.* at *3.

In his § 2241 Petition, Toohey challenges his convictions in the Sentencing Court. (*See* § 2241 Pet. 9–13.)[2] Specifically, Toohey raises the following claim for relief:

Claim One: "A lack of counsel caused a procedural default in [Toohey's] initial-review collateral proceeding (28 U.S.C. § 2255) resulting in [Toohey's] substantial claims of pretrial, trial, sentencing and appellate ineffective counsel to be foregone, therefore [Toohey's] substantial ineffectiveness claims have never been addressed." (§ 2241 Pet. 10.)

Toohey then provides a lengthy list of instances where he believes counsel was ineffective throughout his criminal proceedings. (*See id.* 10–13.)

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under

---

[2] The Court employs the pagination assigned to Toohey's submissions by the docketing system and corrects the spelling, punctuation, and capitalization in the quotations from Toohey's submissions.

2

28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[4]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[4] Toohey cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

3

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).[5] The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, has no source of redress." *Id.* at 333 n.3 (emphasis added).

### III. Analysis of Toohey's 28 U.S.C. § 2241 Petition

Toohey fails to satisfy the second prong of *In re Jones*. *See In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000). Specifically, Toohey fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Toohey stands convicted, aiding and abetting identity theft, aiding and abetting access device fraud, aggravated identity theft, bank fraud, and, conspiracy to present false claims, are all still criminal. Because Toohey fails to demonstrate that the conduct of which he stands convicted is not criminal, he cannot proceed by § 2241.

In a supplement entitled, "MOTION TO AMEND AND EXPEDITE" ("Motion to Amend," ECF No. 6), Toohey argues that the Court should allow his § 2241 Petition to go forward pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Toohey contends that the United States Supreme Court, in *Martinez*, "recognized a new cause for overcoming procedural default," (Mot. Amend. 5), and he asserts that he "raised several clear examples of his attorney's ineffective assistance that prejudiced him with a longer sentence." (*Id.* at 6.) The Court fails to

---

[5] The Court notes that in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit recognized that *In re Jones* may, in some instances, allow an inmate to challenge serious sentencing errors in a § 2241 petition. *Wheeler*, 886 F.3d at 427–30. Nevertheless, the Fourth Circuit affirmed that "[t]here is no doubt that *Jones* is still good law in this circuit," and as applied to Toohey, requires a substantive change in the law that would make his conduct no longer criminal. *Id.* at 427.

4

discern, and Toohey fails to explain, how *Martinez* has any application in this instance.[6]

Accordingly, Toohey's Motion to Amend (ECF No. 6) will be DENIED as FUTILE. Because Toohey fails to demonstrate that the conduct of which he stands convicted is not criminal, he cannot proceed by § 2241.

### IV. Conclusion

For the foregoing reasons, Toohey's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Toohey.

An appropriate Order shall issue.

Date: JUN 2 6 2018
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[6] Toohey is a federal prisoner. *Martinez* and its progeny "deal with *state prisoners'* ability to bring ineffective assistance of counsel claims, despite being procedurally barred. They do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims." *Jackman v. Shartle*, 535 F. App'x 87, 89 n.5 (3d Cir. 2013) (emphasis added); *see Garcon v. Cruz*, No. 6:14–cv–72–RMG, 2014 WL 819467, at *5 (D.S.C. Feb. 28, 2014) (citation omitted) (explaining that *Martinez* "is inapplicable to federal convictions"), *aff'd* 581 F. App'x 193 (4th Cir. 2014).